# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| THOMAS JOSEPH VILLARREAL, § | |
| § | |
| V. § | A-11-CA-574-LY |
| § | |
| RICK THALER, § | |
| Director, Texas Dept. of Criminal Justice- § | |
| Correctional Institutions Division § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Respondent's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) (Document 10). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I. STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to three judgments and sentences of the 368th Judicial District Court of Williamson County, Texas. The first judgment occurred as a result of an adjudication of guilt after Petitioner had pleaded guilty

and was placed on ten years' deferred adjudication in Cause No. 02-393-K368A. The allegations supporting the adjudication of guilt form the bases of the second and third judgments in Cause Nos. 04-722-K368A and 04-723-K368A.

Respondent provides a detailed summary of Petitioner's crimes. As described by Respondent, Petitioner was indicted for sexual assault on May 21, 2002, in cause number 02-393-K368A. The indictment alleged the offense was "F2," indicating a second-degree felony. On October 7, 2002, Petitioner, represented by attorney Ernest Alderete, signed plea papers indicating he would plead guilty to sexual assault, a second degree felony, on the State's recommendation that he be placed on ten years' deferred adjudication, pay a $2,500 fine, spend 180 days in county jail, and agree to register as a sex offender. On December 10, 2002, the state trial court accepted the State's recommendation and placed Petitioner on ten years' deferred adjudication and ordered him to pay the $2,500 fine, spend 180 days in jail and comply with the conditions of community supervision, which required Petitioner to refrain from committing any new offense and from consuming illegal drugs or alcohol and to register as a sex offender. The order imposing conditions of community supervision in cause number 02-393-K368A was entered on December 10, 2002, and erroneously indicated the offense was a first-degree felony.[1]

On July 7, 2004, the State filed an "Original Motion to Adjudicate," alleging that Petitioner had violated the terms and conditions of his community supervision by committing a new offense, sexual assault, and by consuming marijuana and alcohol. Petitioner was indicted on August 24, 2004, on three new offenses. Specifically, Petitioner was accused of failing to register as a sex

---

[1]The trial court issued a Nunc Pro Tunc Order of Deferred Adjudication Community Supervision on March 25, 2010, reflecting the sexual assault was a second-degree felony.

offender, a third-degree felony, in cause number 04-721-K368A; evading arrest with a deadly weapon, a third-degree felony, in cause number 04-722-K368A; and sexual assault, a second-degree felony with the possibility of life imprisonment because of the enhancement paragraph, and attempted sexual assault, a third-degree felony, in cause number 04-723-K368A.

On November 22, 2004, the State filed its "First Amended Motion to Adjudicate," alleging Petitioner committed the above-listed new offenses and consumed marijuana and alcohol. On January 18, 2005, Petitioner, represented by Steven Brittain, agreed to plead true to the allegations that he failed to register as a sex offender, evaded police, and consumed marijuana and alcohol, and he waived his right to appeal. The following day, the trial court accepted the plea agreement and sentenced Petitioner to twenty years' incarceration in the Texas Department of Criminal Justice - Correctional Institutions Division. The judgment in cause number 02-393-K368A erroneously reflected the sexual assault was a first-degree felony.[2]

Two years later, on January 29, 2007, Petitioner, represented by attorney Bruce Garrison, agreed to plead guilty to evading arrest, a third-degree felony, in cause number 04-722-K368A, and be sentenced to ten years' incarceration to run consecutively to cause numbers 02-393-K368A and 04-723-K368A. Petitioner also agreed to plead guilty to sexual assault, count one only, in cause number 04-723-K368A, and be sentenced to twenty years' incarceration to run concurrently with cause number 02-393-K368A. The indictment in cause number 04-721-K368A for failure to register as a sex offender was subsequently dismissed on February 9, 2007.

---

[2]The trial court issued a Nunc Pro Tunc Adjudication of Guilt Sentence to Institutional Division on March 25, 2010, reflecting the sexual assault was a second-degree felony.

Petitioner did not appeal any of his convictions. On December 12, 2008, he did, however, file three state applications for habeas corpus relief challenging his convictions in cause numbers 02-393-K368A, 04-722-K368A and 04-723-K368A. The Texas Court of Criminal Appeals denied Petitioner's applications for habeas corpus relief without written order on the findings of the trial court without a hearing on June 23, 2010. Ex parte Villarreal, Appl. Nos. 71,269-03, -04, -05.

**B.     Petitioner's Grounds for Relief**

Construing Petitioner's application liberally, Petitioner raises the following claims:

1. Steve Brittain was ineffective in allowing Petitioner to accept a twenty-year sentence, the maximum for a second-degree felony, when Petitioner thought he was accepting a twenty-year sentence on a first degree felony, as mistakenly reflected on the original judgment deferring adjudication and the final judgment adjudicating guilt;

2. Bruce Garrison was ineffective in allowing Petitioner to plead guilty and accept a ten-year sentence for evading arrest with a deadly weapon finding in cause number 04-722-368A, when evading arrest is a state jail felony; and

3. Steve Brittain was ineffective in failing to seek out the two witnesses Petitioner told him about, Lydia and Valerio Tapia, who, according to Petitioner, would have testified that the complainants in the sexual assault cases fabricated the second sexual assault to send Petitioner to prison.

**C.     Exhaustion of State Court Remedies**

Respondent does not concede that Petitioner has exhausted his state court remedies regarding the claims brought in this application. Rather Respondent reserves the right to address the exhaustion issue should his request to dismiss as time-barred be denied.

## II.   DISCUSSION AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

4

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

    1.    <u>Deferred-Adjudication Order, Cause No. 02-393-K368A</u>

Petitioner's deferred-adjudication order became final on or about January 9, 2003. See TEX. R. APP. P. 26.2(a); <u>United States v. Vasquez</u>, 298 F.3d 354, 359 (5th Cir. 2002) (finding a deferred-adjudication probation and revocation of that probation becomes final for federal sentencing enhancement purposes when time for filing notice of appeal passes or if appealed, when appeal is affirmed and no further review is possible). Petitioner did not execute his federal application until June 17, 2011, years after his deferred-adjudication order became final. See <u>Tharpe v. Thaler</u>, 628 F.3d 719 (5th Cir. 2010) (holding a deferred-adjudication order and a judgment of conviction and sentence are two separate and distinct judgments). Petitioner's state application for habeas corpus relief did not toll the limitations period, because it was filed on December 12, 2008, after the

limitations period had already expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Accordingly, Petitioner's claims regarding the order deferring guilt are time-barred.

    2.    Judgment Adjudicating Guilt, Cause No. 02-393-K368A

Petitioner's judgment adjudicating guilt became final, at the latest, on February 18, 2005, at the conclusion of time during which he could have appealed his conviction. See TEX. R. APP. P. 26.2(a). As mentioned above, Petitioner did not execute his federal application until June 17, 2011, after the limitations period expired. Again, Petitioner's state application does not operate to toll the limitations period, because it was also filed after the limitations period had already expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Accordingly, Petitioner's claims regarding the judgment adjudicating guilt are time-barred.

    3.    Judgments, Cause Nos. 04-722-K368A and 04-723-K368A

Petitioner's convictions in Cause Nos. 04-722-K368A and 04-723-K368A became final, at the latest, on February 28, 2007, at the conclusion of time during which he could have appealed his convictions. See TEX. R. APP. P. 26.2(a). Petitioner did not execute his federal application until June 17, 2011, after the limitations period expired. Again, Petitioner's state application does not operate to toll the limitations period, because it was filed after the limitations period had already expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Accordingly, Petitioner's claims regarding the judgments in Cause Nos. 04-722-K368A and 04-723-K368A are time-barred.

    4.    Conclusion

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore,

6

Petitioner has not shown that he did not know the factual predicate of his claims earlier.[3] Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III. RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss be granted and Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without

---

[3] In the trial court's findings of fact the court determined Petitioner understood the offense to which he was pleading guilty was a second-degree felony and noted Petitioner had placed his initials next to the second-degree felony punishment range on the plea paperwork. Ex parte Villarreal, Appl. No. 71,269-03 at 77.

reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of December, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE